**Scott C. SMITH, Plaintiff,**

v.

**James BLODGETT, Defendant.**

**No. CS-91-416-JLQ.**

United States District Court,
E.D. Washington.

Sept. 8, 1992.

Scott C. Smith, pro se.

Douglas W. Carr, Daniel J. Judge, Office of Atty. Gen., Olympia, Wash., for defendant.

### ORDER OF DISMISSAL WITH PREJUDICE

QUACKENBUSH, Chief Judge.

Plaintiff, Scott C. Smith, a prisoner at the Washington State Penitentiary filed this civil rights complaint on November 18, 1991 pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and alleges that the Defendant James Blodgett violated Plaintiff's due process rights by placing him in administrative segregation without due process of law.

Defendant moved to dismiss this Complaint on the basis of qualified immunity, asserting that the law was not clearly established that Washington's administrative segregation regulations created a liberty interest protected by the Due Process

Clause. Because there were a number of administrative segregation cases pending in this court, and the State was repeatedly asserting the defense of qualified immunity, this court stayed this case pending determination of that issue.

On September 13, 1991, Magistrate Judge James B. Hovis granted Defendant's Motion for Summary Judgment based on qualified immunity in the case of *Scott C. Smith v. Mike Kropf, et al,* No. C–89–424–JBH. The Plaintiff appealed that decision to the Ninth Circuit Court of Appeals. By unpublished memorandum filed August 25, 1992, a panel consisting of the Honorable Eugene Allen Wright, the Honorable Robert R. Beezer, and the Honorable Edward Leavy affirmed that decision. The court did not reach the issue of qualified immunity. Rather, the court found that Washington has not created a state-created liberty interest in remaining in the general prison population, and that therefore, an inmate in Washington does not have a liberty interest in not being placed or retained in administrative segregation. No. 91–36148.

Ninth Circuit Rule 36–3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel. Collateral estoppel or issue preclusion "bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." *Ross v. International Brotherhood of Electrical Workers,* 634 F.2d 453, 457 n. 6 (9th Cir.1980).

The Ninth Circuit has previously found that the Plaintiff Scott C. Smith does not have a liberty interest in remaining in the general prison population, and that without such a liberty interest, Smith's right to due process has not been violated. Therefore, the Plaintiff is collaterally estopped from asserting, once again, that his due process rights have been violated by his placement and/or retention in administrative segregation.

Accordingly, Plaintiff's Complaint in the above-entitled action and the claims therein must be dismissed. IT IS HEREBY ORDERED:

1. The Clerk is directed to DISMISS PLAINTIFF'S COMPLAINT AND THE CLAIMS THEREIN WITH PREJUDICE.

2. Defendant's Motion to Dismiss based on Qualified Immunity (Ct.Rec. 10) is DENIED AS MOOT.

IT IS SO ORDERED. The Clerk is hereby directed to enter this Order, furnish copies to Plaintiff and counsel for Defendants, and to close this file.